Agenda number three, People of the State of Illinois v. Ivan Perez, 115927. Are the parties ready? You may proceed. Good morning, Your Honors. Counselor, may it please the Court, Assistant Attorney General Garson Fisher for the people. Your Honors, the Post-Conviction Hearing Act creates a 90-day window in which trial courts can dispose of the easiest cases, those found to be frivolous and patently without merit. The 90-day window begins running with the filing and docketing of the petition. The Court then has 90 days to examine the petition, and if it finds it frivolous and patently without merit, enter an order dismissing it. Otherwise, the petition proceeds to the second stage. So the question before this Court is who must do what to comply with that statutory mandate and avoid engaging the substantial resources of the Court, the State's Attorney's Office, the Public Defender's Office, involved in second stage proceedings under the Post-Conviction Hearing Act. To answer that question, the Court need look no further than the plain language of the statute. The statute requires that the Court enter an order finding the petition frivolous and patently without merit. Now, the statute doesn't define the word enter, but at the time that the General Assembly drafted the statute, the dictionary defined enter as nearly identical to formally reducing to writing. So when the judge ---- Mr. Fisher, I've been waiting for you. I have a whole bunch of questions. Are you ready? I am, Your Honor. And they all are around this word enter, so I thought maybe now is the appropriate time. So you are ready? I am ready, Your Honor. All right. All right. So if the order is entered, right, just to clarify this, for the purpose of the statute, when the judge signed it, does that also mean that the 10-day service period and the 30-day notice of appeal period both run from the date that the judge signs the order? Yes, Your Honor. All right. And in this case, one of the concerns that the Second District raised in finding that there were additional conditions beyond those in the plain language of the statute was that a judge might enter an order by writing it and signing and dating it and fail to file that order for days, weeks, months, and thereby deny a petitioner his right to appeal. But that concern is directly addressed by the provision of the statute that requires service by certified mail within 10 days to the petitioner. But even beyond that mandate, whether or not the court complies with the 10-day service mandate, a late notice of appeal can be allowed where a petitioner has not received timely notice. In fact, in this case, the petitioner filed a late notice of appeal. The 10-day service mandate was complied with, but due to what appears to be a glitch in the prison mail system, the petitioner didn't receive that notice in a manner that he could file a timely notice of appeal. And the Second District allowed a late notice of appeal in this case. So that concern that entering the order and not filing it might deprive a defendant of his right to appeal is addressed by the statute and also by the authority of the courts to allow late notice of appeal. So in our case, Mr. Fisher, then the order was entered when the judge signed it in chambers, right? Yes, Your Honor. If the defendant's attorney would have called the clerk's office at the close of business on the 90th day and asked if any orders had been entered in his case, what would the clerk's office have told him? Well, I don't know if the clerk's office was aware that the order had been entered at that point. It had not been filed at that point. But it is also worth noting, Your Honor, that in first-stage proceedings, this question of when the order is filed is largely irrelevant when the parties receive notice of the entry of the order because we are talking about pro se petitions where counsel has not yet been appointed. Counsel is not appointed until the second stage in the vast majority of cases. There's no retained counsel. So we're talking about pro se prisoners, which is why there's the requirement for the 10-day certified mail notice rule. Filing the document actually doesn't contribute to, in most of the cases, to notifying the prisoner or petitioner that an order has been entered. It's also worth noting that the purpose of the subsection of the statute that we're talking about here is not related to the notice to the petitioner so that he can pursue his appeals rights. This Court has identified two purposes to this section of the statute. And to the extent that the plain language is ambiguous at all, the people's construction best advances those purposes. First, the Court said the one purpose in Brooks was to ensure the timely consideration of the petition. And that's accomplished through the Court engaging in an examination of the petition and rendering a decision, which it does when it writes down that decision in order and signs and dates it. The clerk engaging in its ministerial function of filing that order is not part of the timely consideration of the order. But second, in Blair, this Court identified a second purpose, which is to ensure that the limited resources of the criminal justice system are spent where they are most needed, where they are best used. And the Second District's interpretation of the statute actually thwarts that purpose. We're talking about a petition that has been found to be frivolous and patently without merit and is proceeding to what this Court knows can often be years of litigation under the second stage because of a delay in the clerk engaging in his ministerial function of filing that order, which diverts resources from the Court, the public defender's office, and the State's attorney's office away from other petitions where the Court finds that there is a gist of a constitutional claim and advances the petition to second stage proceedings. And it's worth noting that even in a case like this where the petition has been found frivolous and patently without merit, in order to comply with Rule 651, the public defender's office needs to engage in a substantial review of the record, meet with their client, develop the claims that the client wishes to raise, often file an amended petition properly raising those claims. The State's attorney needs to respond to that amended petition. There are often multiple hearings or appearances in the trial court at that point requiring sometimes the prisoner to be riveted in. So there is a substantial commitment of resources that occurs when a petition is advanced to the second stage. For a petition to be advanced to the second stage, not because the Court found it to state the gist of a constitutional claim, but instead because there was a delay in the clerk engaging in the ministerial function of filing an order that was timely entered, would thwart the purpose of ensuring those resources go where they can be best spent. My last question is really where I stopped you, and that is definitions of the word enter. So let me read you a few definitions of enter in a legal sense and ask you to address whether you think that definition supports your position in this case. The first, Black defines it as to put formally before the Court or on the record. How does that support your position? I think it does, Your Honor, because at the time of the drafting of the statute, Blacks went on to explain that its definition was nearly identical to formally reducing to writing. So I think when the Court writes an order and signs and dates it, that is consistent with the Blacks' definition. I imagine your answer will probably be somewhat the same. In Peeble v. Throop, an old case of this Court, the Court said that enter means to place anything before a court or upon or among records in a formal and regular manner, and usually in writing, so as to enter appearance or to enter a judgment. I think that is also consistent with the definition that we're advancing. And, Your Honor, I think it's telling that these definitions, that writing down the order and signing and dating it, is consistent with these sort of general understandings of what enter means. The fact that when the judge wrote the order and signed and dated, he did so on a line that is identified as enter. So I think that the definition from the dictionary and from the case law that exists at the time that the General Assembly drafted this statute is consistent with this general understanding of what it means to enter an order. Appellate court case, City of Darien v. Doblinsky, a little more recent, 73, was a little more specific. The appellate court held that a court order is entered either when the written document is placed in the file or when the order is placed in the court clerk's dacet book. In that context, enter would appear to require an additional ministerial step by the clerk. Sometimes words do mean different things in different contexts. This court recently dealt with the word rescind in multiple contexts and how that sometimes it can mean to render a clause as if it never existed and sometimes to simply cease enforcement of the clause. So it's not inconsistent with the State's construction of what enter means in this statute that it occasionally has a different definition. It's also not as informative to what the General Assembly intended enter to mean here, what it might mean in a different context as the language of the statute, the context of the statute as a whole. They use filed and docketed earlier in the same subsection. So if the General Assembly intended to require that the clerk file the order within 90 days, they would have used the word file just as they did earlier in the very same subsection. They chose to use the word enter, indicating that enter means something different than filing the order. It's also telling that they instruct the court to take action in the subsection. This Court has held that the court engages in judicial acts like rendering a decision. The clerk engages in ministerial acts like filing that decision, filing the order. So I think both from the ordinary understanding of the word enter at the time that they drafted the statute and from the context of the subsection as a whole, it's plain that enter contemplates writing the order, signing and dating it, not the clerk filing the order. And that's why the Second District's interpretation of the statute is invalidated because it imposes an additional condition upon compliance with the statutory mandate that's not in the plain language of the statute, that the clerk file the order in addition to the court entering the order within 90 days. And that is not a meaningless additional condition. As of now, courts know that from the time a petition is filed and docketed, they have 90 days to examine it and render a decision in writing about whether the petition is frivolous and patently without merit or states the gist of a constitutional claim. If there is also a requirement, again, which is not in the statute, that the order be filed within 90 days, then the court needs to build in some kind of additional time at the end of this 90-day period, which is uncertain depending on the staffing of the clerk's office, the timing of vacations, holidays, weekends, so on and so forth, the ordinary practices of the clerks in that circuit to allow for it to be filed within 90 days. So it takes away the certainty that the court has that I have 90 days to examine this petition and enter an order on it. I'm done. Wasn't that fun? Good time. Yeah, good time. In sum, Your Honors, this Court should hold that when the court wrote an order, signed and dated it, finding the petition frivolous and patently without merit, that it complied with the statutory mandate, both because that is consistent with the plain language of the statute and because that best advances the legislative purposes of the subsection. And unless the Court has any further questions, people ask that this Court reverse the judgment of the Second District and remand for consideration of Petitioner's second assertion that he did state the gist of a constitutional claim. Thank you, Your Honors. May it please the Court, Counsel. My name is Allison Shaw, and I represent Ivan Perez. In this case, the State is claiming that the Post-Conviction Hearing Act is somehow exempt from the public expression doctrine. The State wants to write a new rule just for the entering of dismissals of post-conviction petitions. However, such a rule is unnecessary and would thwart the purpose of the 90-day rule. The majority's decision here simply reaffirms this Court's well-settled precedent, beginning with Fagerholm in 1959, that an order is not effective until it is publicly expressed. Here, the appellate court was simply holding the trial court to this standard. While the State stresses that the statute says enter and that public expression does not appear in the statute, there is no indication in the statute that the Post-Conviction Hearing Act is somehow exempt from this doctrine. On the contrary, the cases show that it is well-settled that in order for an order to be effective, it must be publicly expressed. Importantly, contrary to the State's contention, we are not requiring any additional conditions on trial courts. All that we're requiring is for the trial court or any court throughout the State of Illinois entering an order to publicly make its decision of record. While in this case the first public expression was the clerk's file stamp, the trial court has other options, including stating in open court that it was denying the petition and a written order would issue. Significantly, in this Court's decision in Fagerholm, this Court clarified that a judgment at law becomes effective when it is announced in open court or in the absence of such pronouncement when it is reduced to writing, approved by the judge, and filed for record. Also part and parcel with this is the definition throughout the different editions of Black's Law's dictionary defining enter. It also works into it this concept of public expression. It recognizes that there has to be some formalizing of the decision. A court simply signing an order in chambers without anyone else being present to know that that order had been entered is not enough for an order to be effective. Ms. Shah. Go ahead. Frequently orders are submitted to the court, and on the face of the order it says enter. And then the judge signs it. Are you saying that is, has no significance? I'm not saying that has no significance, but. That data has no significance at all? Well, no, it's, so that's obviously, you know, that is, the order is entered for purposes when the judge signs it and when there is some formalizing and public expression of the written order, if it's a written order. But the statute doesn't say that, does it? The statute doesn't say that, but I think it's something that permeates statutes throughout Illinois that any time any order is written in Illinois courts, there has to be some public expression. I mean, this is something that, you know, dates back to the 1950s, recognizing that an order being signed behind closed doors without knowing when, without having some formalization on the record to know when that order was entered, it does not serve the interest of the parties or the public. Well, if the time periods begin to run from the date the order is entered, what difference does it make when it's filed? Well, that's, I think that's where the 90-day rule comes into play, is that, so the way that this statute is written is that a court has 90 days to review and enter an order on the petition. Well, so the, but the court may not have 90 days because the court has to build into that, I signed this order and how do I guarantee that it is filed by the court within the 90 days? Well, that's, I think, where, you know, what this Court explained in Fagerholm and other things come into play, is that it's, we're not, I think it's also important to stress that we're not saying that it has to be filed with the clerk. The court just has to take some other step to make it publicly of record. In most post-conviction cases, that simply involves in open court stating, I have received this post-conviction petition, I am dismissing it as frivolously, frivolous and patently without merit, and I will enter, and a written order will follow. Then it would be on the record for parties and the public to know that an order had been entered. Here, the record is completely silent aside from the clerk's file stamp and the judge's signature. There's no report of proceedings. There's just, there's nothing to indicate when this order was filed aside from those two things. And the judge's signature, in and of itself, was simply, behind closed doors, was not enough for a public expression of that order. Ms. Shah, clearly the purpose of the 90-day requirement is that the trial court will rule on the petition in a timely manner, right? Right. I mean, that's clearly the purpose. Right. And there's no serious question here, is there, that the trial court did review and rule on the petition within 90 days? I know your argument that it wasn't file stamped, but there is no question that he did at least rule on it within 90 days. Is that fair? He did review it. But the problem is that we don't actually know when, because there's no public record of that order, we don't know what happened on February 7th or February 8th to show that he did, you know, enter the order on that day. This 90-day rule is a bright-line rule. The legislature saw fit that all of these petitions have to be reviewed and an order entered on them within 90 days. If we were to follow the State's argument here, it would utterly thwart the purpose of the 90-day rule, because it would allow courts to review a petition, potentially you know, potentially review a petition within the 90 days, but then wait weeks, months, potentially years before actually entering an order, you know, going back in the future and saying, well, I reviewed it. But the point is if we did find that the trial court reviewed and ruled on the petition within 90 days, not actually had it file stamped by the clerk's office, isn't the contrary to what you're saying true? If he ruled on it within 90 days, wouldn't it be contrary to the purpose of the statute to remand this for second stage proceedings? If the purpose of the statute in the first instance was that the court will rule on the petition. Well, I wouldn't say it would be, because the statute uses the word enter. And as I've said, part and parcel with the definition of the word enter is this public expression. Entering does not simply involve signing a paper behind closed doors. There has to be some public expression of it, whether it's an entry on a half sheet or a statement in open court so that the court reporter can record it, or, as in this case, a clerk file stamping an order. This is something that is not. Kennedy, would an entry on a half sheet done by the judge in his chamber satisfy your requirement? Dated? Sure, because then it's a public record. For example, the example that my counsel was, opposing counsel was discussing, is, you know, if then somebody, you know, in any situation, if somebody then were to call the court and find out if something had been entered, they could then turn to the half sheet and say, yes, I see that an order has been entered on this day. Without something like that. Even though the order might be file stamped the following day. That's, and I think that's another important point to make, is that as the majority of the cases that we've looked at so far, what they've done, and what they made clear in their decision, is that courts look to the record as a whole when determining where the first public expression took place. This is not simply a matter of looking at a clerk's file stamp or a report of proceedings, but look to all of the proceedings as a whole and determine when the first public expression that adequately noted all of the interested parties and the public. And when that happens, that is the effective date of an order. Here, because the effective date was on the 91st day, when that first public expression happened, it violated the 90-day rule, and as such, should be remanded for second stage proceedings. Would calling the judge's secretary suffice? If she said, yeah, give him the orders at the end of the day, they're on his desk, signed, is that enough? I'm sorry. If there was a call made to the judge's secretary and she said, yeah, I handed him all the orders, his practices to sign them, they're all signed, they'll be filed tomorrow, is that enough? Well, no, because that's, I don't think that's something that then courts could then go back and review. It would be something that a secretary would have said on the phone, but there's not any public documentation. So it has to be on record somewhere. Yes. And I think that's what the definition of enter says. That's what the court in Fagerholm made clear. That's what the majority's decision here makes clear. There has to be some public expression on the record showing that an order has been entered. Counsel, does the statute require a written order? No. So what if a judge makes a docket entry, PC petition denied? What if? Public expression on the docket sheet itself. Without stating in open court, without? Well, it's on the docket sheet that's part of the court file. Well, I think that would at least qualify as long as, you know, if it were some order that then was available for the public to review, I would assume yes. Well, if you're saying the statute doesn't require a written order, I mean, orders sometimes are entered of record simply by a docket entry. Right. As opposed to a docket entry that says see order or refer to order. Right. And that's to be entered at a later date when the attorney is prepared. Right. Well, and I think that that would, again, meet the requirements of some public expression so that the public and the parties are notified of this decision. There's some concrete thing in the record that the parties can return to. Here, there was no concrete thing in the record showing that the parties could, you know, say okay. And I think interestingly, that's how, you know, the notice to defendant and his notice of appeal then all depended on this February 8th date of the 91st day. They were looking to that as the date of the effective, that the order was effective. Then, just briefly, regarding the State's arguments about that the 10-day notice rule acts as a type of safeguard here, those arguments are an opposite because what is at issue here is the 90-day rule. And this is a, as I said, this is a bright line rule that an order has to be entered within 90 days. The 10-day notice rule only comes into play after the fact. Here, the Court's order was not effective until after those 90 days had been passed. And moreover, Robinson shows that the 10-day rule does not offer any protection to defendants. While in that case it recognized that the right to appeal might be injured by untimely service, it stated it was unlikely for that to happen due to the difference in 20 days between the 10-day notice and the 30 days notice of appeal. However, here the majority stressed their concern that a court, you know, a order could languish on a court's desk for days, weeks, months, or even years without anyone having notice of it. What would be the effect of that if, as the State concedes that the 10-days written notice requirement begins to run from the date that the judge signs the order, whether it's filed that day or not? What happens then to the rights of the defendant in that case? Are they not extended? Well, the defendant could potentially lose his right to appeal. The counsel pointed out that a defendant could get a late notice of appeal. However, again, you know, to take from some of his arguments. If the defendant didn't get the order within 10 days. I'm sorry? If the defendant did not get the order within 10 days of the entry without the filing because it languished in the judge's office, what happens to the defendant's appeal rights? Well, that's the thing. If it goes past this 30 days, he loses his right to appeal. And moreover, you know, the idea of getting a late notice of appeal is then, you know, asking the courts to expend even more resources because then it's saying, okay, well, we'll allow courts to bypass this 90-day rule by waiting until after the fact to say, okay, an order was entered. And then say, well, if it goes past the 10-day rule, 10-day notice, they can just get a late notice of appeal, but then that's requiring more work down the line, requiring more effort and resources to be expended to make late notice of appeal for these cases. If there are no further questions, I respectfully request this Court to affirm the majority's opinion. Thank you. Mr. Fisher, if the order does languish in the judge's office for past 10 days, what happens to the defendant's rights? Well, I think, Your Honor, there are several backstops of the defendant's appellate rights. One is the 10-day notice rule. The second is the discretion to allow a late notice of appeal, whether the 10 days have been complied with or not. And the third is the discretion to allow a late notice of appeal, whether the 10 days have been complied with or not, where, through no fault of his own, a Petitioner didn't receive timely notice. But to consider the extreme example, Your Honor, where the 90 days pass, 10 more days go by, Petitioner hasn't received any order denying or dismissing the Petitioner as frivolous or peddling without merit. The Petitioner also hasn't been advanced to the second stage. Petitioner, at that point, could file a mandamus or a supervisory action asking that the Court be directed to comply with the statutory mandate and advance the Petition to second stage. In response, presumably the Court, if it had entered an order within 90 days, would produce that order showing it had been entered, and Petitioner would be allowed to file a late notice of appeal since they hadn't been served in any kind of timely manner. And if the Court couldn't produce an order that had been entered within 90 days, then the Court would direct the Petition to be advanced to the second stage because the 90-day rule hadn't been complied with. So there are many backstops that are built in to ensure that a Petitioner gets his day in court, both at the trial and appellate level. I also very quickly wanted to address, Justice Kilbride asked whether the statute requires a written order. It does require a written order, and that that written order state the facts and the legal basis for the decision finding of frivolous and patently without merit. And that goes to the counsel. Does that mean a written order that's a stand-alone sheet of paper, or can it be a written order by docket entry only? I would, having contemplated the distinction, Your Honor, I would think that it would require a separate written order. But the statute doesn't address that. The statute doesn't directly address it. But, Your Honor, and this also goes to why the other forms of sort of public announcement of an order are irrelevant to the first stage post-conviction proceedings. The State has no representation at first stage. The State can't respond to a petition or engage a petition when it's at the first stage. So the State has no representation at this stage. We are, in the vast, vast majority of cases, talking about pro se prisoner Petitioners here. So for a court to go into the courtroom and orally announce a decision from the bench and say that that somehow substantially alters the extent to which, you know, an order has been entered, it seems irrelevant to first stage proceedings, which is why we have specific rules that mandate action by the court and subsequent service for first stage post-conviction proceedings rather than the general common law rules that might otherwise govern. Also, Your Honor, so I wanted to discuss briefly what the record shows. The record does show when the order was written because the judge signed and dated the order. So in reviewing the record as a whole to find out when the order was entered, you don't need to rely on when it was file stamped. We also have the judge's signature and date on it, which is what the first district relied on in Ross when it found out the order was entered. And finally, Your Honor, just to briefly go back to this idea of whether the second district's reading in of an additional requirement into the statute substantially alters the amount of time that the court has to review the petition.   That concern was somewhat dismissed by the idea that, you know, you could announce it in open court or you could, you know, you could enter it on a half sheet. There are other steps that could be taken. But there are extreme cases where a court might have engaged in the timely examination of a petition. I mean, this winter, you know, the headlines talked about snowpocalypse and things like that. There were courts that were closed. There have been times when this court has had arguments scheduled and has had to cancel them for various reasons. And sometimes things happen that might prevent the ministerial acts of filing an order or having time in open court, to the extent that is relevant to first stage post-conviction proceedings, to announce an order. But if the court has done its job and timely considered the order and entered or timely considered the petition and entered an order, dismissing it as frivolous and patently without merit, it would thwart the purpose of the statute to ensure that the resources go where they are best needed to then turn around and say that this frivolous and patently without merit petition is where the public defender's office, the state's attorneys, and the court should dedicate the resources required for stage two proceedings. If the court has no further questions, we ask that it reverse the decision on the second district. Thank you. Thank you. Case number 115927, People v. Ivan Perez, is taken under advisement as agenda number three. Mr. Fisher, Ms. Shaw, thank you for your arguments. You're excused at this time.